JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE EMILY VILLALVAZO,<br><br>Plaintiff,<br><br>v.<br><br>J.B. HUNT TRANSPORT, INC., *et al.*,<br><br>Defendants. | Case No. 5:24-cv-02241-FLA (DTBx)<br><br>**ORDER REMANDING ACTION [DKTS. 13, 15]** |

**RULING**

On April 10, 2023, Plaintiff Stephanie Emily Villalvazo ("Plaintiff" or "Villalvazo") filed the Complaint in the San Bernardino County Superior Court, asserting three causes of action against Defendants J.B. Hunt Transport, Inc. ("J.B. Hunt" or "Defendant") and Mason Paul Cobbs ("Cobbs")[1] for: (1) negligence; (2) negligent entrustment; and (3) negligent hiring, retention, training, and supervision. Dkt. 3-1 at 3–9 ("Compl.").[2]

On October 21, 2024, J.B. Hunt removed the action to this court alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1 ("NOR"). On November 20, 2024, Plaintiff filed the subject Motion to Remand ("Motion") without a supporting memorandum. Dkt. 13. On November 21, 2024, Plaintiff filed a Notice of Errata (Dkt. 14), stating the Motion "was filed incorrectly using the wrong category of document," and re-filed the Motion along with a supporting memorandum (Dkt. 15). On December 20, 2024, Defendant filed its Opposition to the Motion. Dkt. 27. On January 9, 2025, the court found the matter appropriate for decision without oral argument and vacated the January 10, 2025 hearing on the Motion. Dkt. 32; *see also* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS the Motion and REMANDS the action to San Bernardino County Superior Court, Case No. CIV SB 2308385.

**DISCUSSION**

**I.      Legal Standard**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)

---

[1] The parties state Defendant Cobbs passed away on or around March 31, 2024. Dkt. 15 at 4; Dkt. 27 at 3.

[2] The court cites documents by the page numbers added by the CM/ECF system rather than any page numbers listed on the documents natively.

(citations omitted); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a). Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending. 28 U.S.C. § 1441(a).

## II.   Analysis

28 U.S.C. § 1446 ("§ 1446") provides in relevant part:

> **(b) Requirements; generally.** …
>
> > (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. …
>
> **(c) Requirements; removal based on diversity of citizenship.**
>
> > (1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by [28 USCS § 1332] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(b)(3), (c)(1).

///

Plaintiff moves to remand the action on the grounds that Defendant did not file the Notice of Removal within one-year of the filing of the Complaint, as required under § 1446(c)(1) ("§ 1446"). Dkt. 15 at 7–8.[3] Defendant raises two main arguments in response.

First, Defendant contends Plaintiff waived her right to object to these procedural defects because she did not file the Motion within 30 days of the filing of the Notice of Removal. Dkt. 27 at 5–6 (citing 28 U.S.C. § 1447(c)). The court disagrees. Plaintiff filed the subject Motion on November 20, 2024 (Dkt. 13), which was 30 days after J.B. Hunt filed the Notice of Removal on October 21, 2024 (Dkt. 1). Although Plaintiff misidentified the type of document she filed on the court's CM/ECF system and omitted the supporting memorandum of points and authorities in her initial filing (Dkt. 13), the court excuses these procedural defects as the Motion, itself, was timely filed and Defendant was not prejudiced by the delay particularly given that the memorandum was filed the day after the Motion (Dkt. 15) and counsel had already met and conferred about the Motion in accordance with Local Rule 7-3, Dkt. 13 at 2. Defendant's argument, thus, fails.

Second, Defendant contends the 1-year time limit on removal under subsection (c) should not be dispositive, because Plaintiff did not serve the Complaint on J.B. Hunt until August 20, 2024—after the 1-year period had expired. Dkt. 27 at 2, 6. The court, again, disagrees. Pursuant to § 1446(c), this action is not removable under §1446(b)(3) unless the court finds Plaintiff "acted in bad faith in order to prevent [Defendant] from removing the action." Plaintiff's counsel, Quinn D. Graham ("Graham"), attests the parties began settlement discussions before Plaintiff filed the

---

[3] Plaintiff additionally argues the removal was untimely if removed under § 1446(b)(1). Dkt. 15 at 6. Defendant responds subsection (b)(1) "has no bearing here as J.B. Hunt had no knowledge of the removability of this action at the time that it answered." Dkt. 27 at 4. As Defendant admits it did not remove the action on this basis, the court need not address the parties' arguments regarding § 1446(b)(1).

Complaint on April 10, 2023, and that "Defense counsel requested Plaintiff's Counsel not … serve the Complaint until after the [May 13, 2024] mediation to avoid any unnecessary filing of Defendant's Answer." Dkt. 15-1 (Graham Decl.) ¶¶ 11, 14–15. Defendant does not dispute it was aware of the Complaint when it was filed or that Plaintiff delayed service of process at Defendant's request. *See* Dkt. 27. Defendant, thus, fails to establish Plaintiff "acted in bad faith in order to prevent [J.B. Hunt] from removing the action." *See* 28 U.S.C. § 1446(c)(1).

Accordingly, the removal was untimely. *Id*.

## CONCLUSION

For the reasons stated herein, the court GRANTS the Motion and REMANDS the action to the San Bernardino County Superior Court, Case No. CIV SB 2308385. Having granted the Motion for the reasons stated, the court need not address the parties' remaining arguments.

IT IS SO ORDERED.

Dated: September 25, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

5